# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

March 12, 2018

Gregory R. Babowal, DAG
Kathleen Dickerson, DAG
Department of Justice
102 West Water Street
Dover, DE 19904

Anthony Capone, Esq.
Office of the Public Defender
The Sykes Building
45 The Green
Dover, DE 19901

RE: *State v. Trenton Holmes*
*I.D. #1710018609*

Submitted: March 9, 2018
Decided: March 12, 2018

Counsel:

This letter provides the Court's reasoning and decision regarding Defendant Trenton Holmes' (hereinafter "Mr. Holmes'") motion to compel the State to produce materials and evidence he alleges are material to his defense. Mr. Holmes is charged, *inter alia*, with drug related felonies following a search of a residence pursuant to the alleged consent of a resident.

In this matter, Mr. Holmes seeks certain materials to advance a potential motion to suppress evidence seized in the search. In particular, he seeks (1) the call for service detail report logging the transmissions between the dispatch and the officers; (2) a recording of all police and dispatch radio traffic associated with the case; (3) video footage of the police investigation, including MVR and other footage;

and (4) any alternate records used by the police to coordinate their arrival and departure to and from the site of the investigations, to include the responding officers' personal text messages. He alleges inconsistencies regarding the police and probation officers' arrival times that he believes will be material in preparing a motion to suppress.

Mr. Holmes primarily argues that these materials are discoverable pursuant to Superior Court Criminal Rule 16(a)(1)(C) (hereinafter "Rule 16(a)(1)(C)"). In support of his argument, he relies upon *Valentin v. State.*[1] The State has refused to provide the requested information arguing that the materials fall under neither the requirements of *Brady v. Maryland*[2] or Rule 16(a)(1)(C). It argues that the reasoning in three prior Superior Court decisions, *State v. Block*[3], *State v. Wood*[4], and *State v. Wells*[5] support denying the motion. The State also argues that to justify production, a Defendant must also make a showing that the evidence will be favorable to the accused. The State argues that Mr. Holmes has not made that showing.

This matter is controlled by an application of Rule 16(a)(1)(C) in the manner prescribed in the *Valentin* case. In *Valentin*, the Delaware Supreme Court examined Rule 16(a)(1)(C) and held that dispatch records (including recordings) were "tangible objects" that were material to the defense regarding an issue regarding police pursuit.[6] The Court reasoned that such records were important independent records of the events as they transpired.[7] Accordingly, they were material to the preparation of Mr. Valentin's defense.

---

[1] 74 A.3d 645 (Del. 2013).
[2] 373 U.S. 83 (1963). Mr. Holmes initially sought the materials pursuant to both *Brady* and Rule 16(a)(1)(C). At oral argument, he narrowed the basis for his request to only Rule 16(a)(1)(C).
[3] 2000 WL 303351 (Del. Super. Ct. Feb. 18, 2000).
[4] 2007 WL 441953 (Del. Super. Ct. Feb. 1, 2007).
[5] 2004 WL 1732280 (Del. Super Ct. July 8, 2004).
[6] 74 A.3d at 651.
[7] *Id.*

Here, in large part, the materials sought by Mr. Holmes fit within the broad definition of tangible objects, as set forth by the Delaware Supreme Court in *Valentin.* In considering the proffered importance of the records, the Court finds that the items sought are in large part "within the possession, custody or control of the [S]tate and [are] material to the *preparation of the defendant's defense*."[8] In light of the Supreme Court's direction to apply Rule 16's discovery requirements broadly, the "defendant's defense" also extends to suppression related matters.

The three cases cited by the State are inapposite. They include analysis regarding subpoenas issued pursuant to Superior Court Criminal Rule 17 seeking sensitive material from third parties, other than the State, or separate analysis regarding the timing of *Brady* disclosures. Here, the matter at hand does not involve subpoenas targeting third parties and does not turn on a *Brady* analysis. The *Block* case for one uses the verbiage "fishing expedition" to provide that the criminal discovery rules are not appropriately used for such a purpose.[9] As the other cases, it, however, focused primarily on *Brady* and also involved at least some third-party records not within the possession or control of the State.[10] In reviewing the cases cited by the State, the Court also recognizes that all three of them predate the Delaware Supreme Court's decision in *Valentin*. In the matter at hand, the Court must solely look to the pretrial disclosure requirements of Superior Court Criminal Rule 16.

Here, in both Mr. Holmes written motion and at oral argument, he adequately explained why, under the limited circumstances of this case, production of such records will be material for the *preparation* of his defense. His articulated purposes do not make this a fishing expedition. Rather, his requests are narrowly tailored to

---

[8] Super. Crim. R. 16(a)(1)(C)(emphasis added).
[9] *Block,* 2000 WL 303351, at *2.
[10] *Id.*

his established, defense related purpose. For these reasons, Mr. Holmes motion to compel will be granted in large part.

Nevertheless, the Court does not find that the text messages of the police officers responding to the call fall within the purview of Rule 16(a)(1)(C). First, Mr. Holmes seems to request private phone records of officers, which the Court declines to order to be produced. Through Mr. Holmes' motion and argument, he did not address or articulate why such records fall within the custody or control of the State. In the absence of a full development of the issue, the Court declines to order production of officer phone records. While at some point, text messages of officers, under appropriate circumstances, could be required to be produced pursuant to *Brady*, *Jencks*, or Superior Court Criminal Rule 26.2, the Court declines to order their production pursuant to Rule 16(a)(1)(C).

As to the Call for Service Detail Report and dispatch records, recording of police radio traffic, and video footage in the possession or control of the State that relates to the time surrounding police calls relevant to the arrest and search at issue, the Court finds that such materials, under the circumstances of this case, are material to the preparation of the defendant's defense. Accordingly, Mr. Holmes motion to compel is **GRANTED, in part**. The State shall produce such materials within two weeks of the date of this Order. At that point, after reviewing the materials, Mr. Holmes may address the Court regarding his position, if any, regarding needed adjustments to the scheduling order.

**IT IS SO ORDERED**.

/s/ Jeffrey J Clark
Judge

4